# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MEYERS DIVISION

| | |
|---|---|
| Carmen Lopez<br><br>    Plaintiff,<br><br>v.<br><br>Critical Resolution Mediation, LLC<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Carmen Lopez, ("Carmen"), is a natural person who resided in Naples, Florida, at all times relevant to this action.

2. Defendant, Critical Resolution Mediation, LLC, ("CRM"), is a Georgia Limited Liability Company that maintained its principal place of business in Norcross, Georgia, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., and the Telephone Consumer Protection Act, 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat., § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under

the FDCPA.  S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. CRM uses a predictive dialer system.

7. Before CRM began contacting Carmen, it and Carmen had no prior business relationship and Carmen had never provided express consent to CRM to be contacted on her cellular telephone.

8. CRM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of CRM's revenue is debt collection.

10. CRM is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described, *infra*, CRM contacted Carmen to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Carmen is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. On several occasions, the dates of which will be discovered through discovery, CRM willingly and knowingly used an automatic telephone dialing system to call Carmen on her cellular phone multiple times in violation of the TCPA.

15. Around February 2014, CRM began contacting Carmen on Carmen's cellular phone, Carmen's direct work line and Carmen's place of employment main line in connection with the collection of the debt.

16. During one communication, around March 2014, Carmen requested CRM cease further calls to Carmen.

17. Despite this request, CRM contacted Carmen on Carmen's cellular phone, Carmen's direct work line and Carmen's place of employment main line in connection with the collection of the debt on more than one occasion, most recently around May 2014.

18. On one occasion, CRM contacted Carmen on Carmen's direct work line and left a voice message threatening Carmen with legal action and garnishment of Carmen's wages if Carmen didn't respond within 24 hours.

19. Additionally, this voicemail stated CRM contacted Carmen's supervisor.

20. CRM did not contact Carmen's supervisor.

21. CRM has not taken legal action against Carmen.

22. CRM never intended to take legal action against Carmen.

23. CRM has not garnished Carmen's wages.

24. CRM never intended to garnish Carmen's wages.

25. Carmen repeatedly requested CRM cease further calls to Carmen.

26. CRM caused Carmen emotional distress.

27. CRM attempted to collect a debt from Carmen.

28. CRM violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## COUNT SIX

### Violations of the Florida Consumer Collection Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

41. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

42. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

43. Defendant willingly and knowingly violated Fla. Stat. § 559.72(4) by communicating or threatening to communicate with Plaintiff's employer without Plaintiff's written consent and before obtaining a final judgment against Plaintiff.

44. Defendant willingly and knowingly violated Fla. Stat. § 559.72(5) by disclosing to a person other than Plaintiff information affecting Plaintiff's reputation with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

45. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

46. Defendant willingly and knowingly violated Fla. Stat. § 559.72(12) by orally communicating with Plaintiff in a manner that gave the false impression that Defendant was, or was associated with, an attorney.

## JURY DEMAND

47. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

48. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

  e. For such other legal and/or equitable relief as the Court deems appropriate.

             RESPECTFULLY SUBMITTED,

             Hyslip & Taylor, LLC LPA

             By: /s/ John P. Murray

Date: October 29, 2014     *Of Counsel*
             John P. Murray, Esq.
             Florida Bar No. 975818
             2655 Lejeune Rd. PH1-D
             Coral Gables, FL  33134
             Phone: 305-779-4818
             Fax: 305-779-4819
             Email: john@johnpmurray.com